UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROY PILOT,                                              :
                              Plaintiff,                :
v.                                                      :         **OPINION AND ORDER**
                                                        :
CITY OF YONKERS and CITY OF YONKERS     :         19 CV 8169 (VB)
POLICE DEPARTMENT,                                      :
                              Defendants.               :
--------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Roy Pilot brings this action against defendants City of Yonkers (the "City") and

City of Yonkers Police Department ("YPD"),[1] alleging the City violated the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.  Plaintiff seeks overtime compensation for

hours spent providing at-home care to his police canine in connection with his employment as a

police officer in the YPD canine unit ("K-9 Unit").

        Now pending are the parties' cross-motions for summary judgment.  (Docs. ##39, 49).

        For the following reasons, defendants' motion for summary judgment is GRANTED IN

PART and DENIED IN PART and plaintiff's cross-motion for partial summary judgment is

DENIED.

        The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1]       Plaintiff's claims against the YPD must be dismissed.  The YPD is not a suable entity.
Hines v. City of Yonkers, 2011 WL 3055369, at *8 (S.D.N.Y. July 20, 2011); Omnipoint
Commc'ns, Inc. v. Town of LaGrange, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New
York, agencies of a municipality are not suable entities.  The only proper defendant in a lawsuit
against an agency of a municipality is the municipality itself, not the agency through which the
municipality acted.").

**BACKGROUND**

The parties have submitted memoranda of law, declarations with exhibits, and statements of undisputed material facts pursuant to Local Civil Rule 56.1, which together reflect the following factual background.[2]

I.     Factual Background

Plaintiff served as a YPD police officer from 2002 until he retired on June 13, 2019. From approximately November 2007 through June 11, 2019, he served in the department's K-9 unit, and between August 30, 2016, and June 1, 2019 (the "Relevant Time Period"), he worked full-time with his canine partner, a dog named Iceman.  Plaintiff took Iceman home with him during non-working hours and provided Iceman with at-home care, including walking, grooming, and feeding.

Plaintiff worked a rotating schedule that encompassed a twenty-five-day cycle.  (Doc. #41 ¶ 1).  Plaintiff's time and leave records demonstrate that during the Relevant Time Period, plaintiff worked between 136 and 245 hours during each twenty-five-day work period.  (Doc. #40-13).

During his tenure with the YPD, plaintiff was a member of the Police Benevolent Association ("PBA").  The terms of plaintiff's employment were subject to a collective

---

[2]     Because plaintiff failed to respond to defendants' Rule 56.1 statement, the facts are drawn from defendants' Rule 56.1 statement and defendants' response to plaintiff's Rule 56.1 statement submitted with the respective motions, unless otherwise noted.  (See Docs. ##41, 61); see also Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citing Local Rule 56.1(c)).  In addition, references in this Opinion to the parties' Rule 56.1 statements incorporate the record citations therein.

bargaining agreement ("CBA") negotiated on November 15, 2013, between the City and the

PBA. (Doc. #41 ¶ 2; Doc. #40-6).

According to defendants, plaintiff's employment was also governed by a Memorandum

of Understanding ("MOU") negotiated between the City and the PBA, dated July 21, 1992,

which states:

1. Members assigned by the Department to the K-9 Unit, and who are authorized
to be in full-time possession of a City dog shall be compensated at the rate of
eight dollars per hour ($8.00/hr) for directed off-duty activities related to the
care and training of the dog.

2. The number of off-duty hours to be spent on the care and training of the dog
shall be defined solely by General Order from the Police Commissioner.

3. This provision shall remain in effect from the 22nd of June, 1992, until it is
amended or deleted through the collective bargaining process.

(Doc. #40-7; see also Doc. #41 ¶ 3).[3]

In addition to his regular hourly salary, plaintiff was paid eight dollars per day for canine

maintenance, plus one hour of overtime (calculated at a rate of one- and one-half times

plaintiff's regular hourly rate of pay) for the transport of the canine to and from his home and

work on days actually worked. (Doc. #40-8; Doc. #40-10 at ECF 20).[4]

During a conversation that occurred sometime between February 2015 and August 2017,

plaintiff informed Frank Cariello, the YPD Deputy Chief for the Field Services Bureau, that he

believed he was entitled to additional compensation for at-home canine care pursuant to the

FLSA. (Doc. # 41 ¶ 9). During their conversation, plaintiff provided Cariello with unidentified

---

[3]    Plaintiff contests that the MOU remains in effect; he argues it was rendered void and
moot by a collective bargaining agreement in effect between March 1, 1993, and February 28,
1997.

[4]    "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case
Filing system.

federal court opinions and orders regarding police K-9 care and handler compensation.  Plaintiff

told Cariello he felt the City was violating those federal court rulings.  In response, Cariello told

plaintiff to speak to the PBA about the matter.  (Doc. #40-16).

Plaintiff testified that sometime after he spoke to Cariello, he discussed his concerns

regarding police canine care handler compensation with YPD Commissioner Charles Gardner.

(Doc. #40-10 at ECF 76).  Plaintiff further testified he provided Gardner with the same federal

court opinions and orders he had provided to Cariello and that Gardner recommended plaintiff

get in touch with the PBA and to follow up through them.  (Id. at ECF 78).

III.   Procedural History

Plaintiff commenced this action on August 31, 2019.  After the completion of discovery,

the parties filed the pending motions.  Defendants contend the City did not violate the FLSA

because it compensated plaintiff for at-home canine care pursuant to an agreement in

accordance with 29 U.S.C. § 207(g)(2).  Defendants further contend that if the Court finds they

are not entitled to summary judgment as to liability, the Court should nevertheless find, as a

matter of law, that (i) the two-year statute of limitations is applicable to plaintiff's claim

because any alleged FLSA violation by the City was not willful, (ii) plaintiff is not entitled to an

award of liquidated damages because any alleged FLSA violation was made in good faith; (iii)

the City is entitled to the law enforcement overtime exemption pursuant to 29 U.S.C. § 207(k);

and (iv) the contractual overtime paid to plaintiff in each work period constitutes extra

compensation pursuant to 29 U.S.C. § 207(e)(5) and (7) such that the City is entitled to receive

a credit in accordance with 29 U.S.C. § 207(h) towards any statutory overtime obligations.

Plaintiff cross-moves for partial summary judgment as to defendants' liability under the

FLSA and for an award of at-home canine care compensation at a rate of one and one-half times

his regular rate of pay pursuant to 29 U.S.C. § 207(a).  Plaintiff also seeks judgment as a matter

of law that (i) defendants willfully violated the FLSA and thus the three-year statute of

limitations applies to his claim, (ii) he is entitled to recover statutory liquidated damages, and

(iii) he is entitled to an award of reasonable attorney's fees in an amount to be determined at a

subsequent hearing or trial.

## DISCUSSION

I.     Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery

materials before the Court, and any affidavits show there is no genuine issue as to any material

fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[5]

A fact is material when it "might affect the outcome of the suit under the governing

law . . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot

preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a

reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty

Lobby, Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess

whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60

(2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of

material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

---

[5]     Unless otherwise indicated, case quotations omit all internal citations, quotations,
footnotes, and alterations.

If the non-moving party fails to make a sufficient showing on an essential element of its case on which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for it.  Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).

However, "when faced with cross-motions for summary judgment, a district court is not required to grant judgment for one side or the other.  Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."  Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993).

And, in deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.     Overtime Obligations Under FLSA Section 207

Plaintiff argues he is entitled to summary judgment as to defendants' liability for the City's failure to pay him overtime at a rate of one and one-half times his regular rate of pay for the time he spent providing at-home canine care to Iceman.  Defendants argue that because the City's payment method satisfies the exception set forth in Section 207(g)(2), the City was not required to compensate plaintiff for at-home canine care pursuant to Section 207(a).  Defendants also argue that if the Court concludes the Section 207(g)(2) exception does not apply, it should nevertheless find defendants are, as a matter of law, entitled to the partial overtime exemption applicable to certain law enforcement agencies under Section 207(k).

For the following reasons, the Court concludes defendants have failed to meet their burden to show the City's payment method satisfies Section 207(g)(2).  However, the Court also concludes defendants are entitled to claim a Section 207(k) partial exemption to the FLSA's overtime requirements.

A.      Applicable Law

The FLSA requires that an employee be paid "compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).  However, there are a number of exceptions and exemptions to Section 207(a); potentially applicable here are Sections 207(g)(2) and 207(k).

7

1.      Section 207(g)(2) Exception

Section 207(g)(2) creates an exception from the requirement that employers pay

overtime at the rate of time and a half if an employee performs two or more kinds of work for

which different hourly or piece rates have been established.  That section provides, in pertinent

part:

> (g) Employment at piece rates.  No employer shall be deemed to have violated subsection (a) by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection—
>
> . . . .
>
> > (2) in the case of an employee performing two or more kinds of work for which different hourly or piece rates have been established, is computed at rates not less than one and one-half times such bona fide rates applicable to the same work when performed during non-overtime hours; or
>
> . . . .
>
> and if (i) the employee's average hourly earnings for the workweek exclusive of payments described in paragraphs (1) through (7) of subsection (e) are not less than the minimum hourly rate required by applicable law, and (ii) extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.

29 U.S.C. 207(g).  Thus, an employer must satisfy the following requirements to qualify for the

Section 207(g)(2) exception:  (i) the employee must perform two or more kinds of work; (ii) the

employer must establish a bona fide hourly rate for each different kind of work; (iii) the

compensation must be paid pursuant to an agreement or understanding arrived at between the

employer and the employee in advance of the performance of the work; and (iv) the

compensation must be computed at rates not less than one and one-half times such rates

applicable to the same work when performed during non-overtime hours.  See id. § 207(g)(2);

8

29 C.F.R. § 778.419.  "Section 207(g)(2) is an exception to the usual overtime rules for which defendants bear the burden of proof."  Estrella v. P.R. Painting Corp., 2008 WL 7826820, at *4 (E.D.N.Y. Sept. 16, 2008), aff'd, 356 F. App'x 495 (2d Cir. 2009).

2.     Section 207(k) Partial Exemption

Section 207(k) provides a partial exemption to the overtime requirements of Section 207(a).  In creating the exemption, "Congress recognized that certain jobs are not easily susceptible to the workweek method of wage and time calculations, and therefore provided special calculation methods for some trades, including fire protection and law enforcement."  Feaser v. City of New York, 1995 WL 350848, at *2 (S.D.N.Y. June 9, 1995).  Specifically, Section 207(k)(2) provides:

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—
>
> . . . .
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.

Thus, Section 207(k) "provides a partial exemption for public agency employers of law enforcement and fire protection personnel by upping the threshold at which overtime compensation entitlement begins."  Feaser v. City of New York, 1995 WL 350848, at *3 (quoting Alex v. City of Chicago, 29 F.3d 1235, 1238 (7th Cir. 1994)).

To claim a section 207(k) exemption, an employer need only demonstrate: (i) that its employees are engaged in "fire protection . . . [or] law enforcement activities" within the

meaning of the statute, and (ii) that it has adopted a qualifying "work period"—defined by regulation as "any established and regularly recurring period of work which is at least seven but no more than twenty-eight consecutive days in length." Lemieux v. City of Holyoke, 740 F. Supp. 2d 246, 252 (D. Mass. 2010) (citing 29 C.F.R. § 553.224(a)).

For such employees, overtime commences after 153 hours of work in a twenty-five-day work period, instead of after forty hours of work in a seven-day period. 29 C.F.R. § 553.230(c). "[A]n employer bears the burden of proving that its employees fall within an exemption in the FLSA." Edwards v. City of New York, 2011 WL 3837130, at *10 (S.D.N.Y. Aug. 29, 2011).

B.    Analysis

Defendants argue they are entitled to summary judgment because the City paid plaintiff for at-home canine care pursuant to an agreement or understanding as permitted by Section 207(g)(2). Defendants also argue that, if the Court concludes the Section 207(g)(2) exception does not apply, defendants are, as a matter of law, entitled to the partial overtime exemption applicable to certain law enforcement agencies pursuant to Section 207(k).

As discussed below, the Court finds defendants have failed to demonstrate they are entitled to the Section 207(g)(2) exception; however, they are entitled to the Section 207(k) exemption.

1.    Section 207(g)(2) Exception

Section 207 does not address whether public employers, when calculating proper overtime under the FLSA, are entitled to apply both Section 207(g) and Section 207(k), and the Court is not aware of any case addressing the same. Nevertheless, for the purpose of ruling on

this motion, the Court need not resolve that issue because it concludes defendants have failed to demonstrate Section 207(g)(2)'s exception to the normal overtime requirements applies.

Even assuming arguendo defendants sufficiently demonstrated the first three elements of the exception set forth in Section 207(g)(2)—i.e., (i) plaintiff performed two or more kinds of work;[6] (ii) defendants established a bona fide hourly rate for the different types of work; and (iii) plaintiff's compensation was paid pursuant to the MOU, which was agreed upon by defendants and plaintiff in advance of the performance of the work[7]—defendants still fail to demonstrate that Section 207(g)(2)'s exception to the normal overtime requirements applies, because they have not shown plaintiff's overtime compensation was "computed at rates not less

---

[6]     Although the Court need not determine whether defendants have satisfied this first element of Section 207(g)(2), the Court notes plaintiff has provided no authority supporting the proposition that at-home canine care is the same kind of work as plaintiff's typical law enforcement duties.  Moreover, the U.S. Department of Labor's Wage and Hour Division's March 10, 2006 Opinion Letter runs contrary to such proposition.  See Op. Letter, Wage & Hour Div., 2006 WL 1026417, at *2 (U.S. Dep't of Lab. Mar. 10, 2006) ("[W]here a state agency has established different straight time hourly rates for its officers' normal law enforcement duties and for its officers' canine duties, the agency may compensate its officers during overtime hours at time and one-half the lesser canine hourly rate provided the work performed during the overtime hours involves canine, not law enforcement duties.").

[7]     The Court is not persuaded by plaintiff's argument that the MOU was rendered void and moot by Article 10 of the March 1, 1993 to February 28, 1997, Collective Bargaining Agreement, which plaintiff contends replaced the provisions of the K-9 MOU concerning at-home canine care compensation.  There is no evidence indicating the parties intended to replace the terms regarding at home canine care compensation in the MOU with the general terms not specific to canine compensation in the subsequent collective bargaining agreement.  By contrast, the November 15, 2013, CBA explicitly states, "[t]he provisions of the collective bargaining agreement between the parties for the period for July 1, 2005 to June 30, 2009 shall be carried forward except as modified below."  (Doc. #40-6 ¶ 5).  Indeed, when the parties intended to modify the terms of a prior agreement, such modification was explicitly noted in the subsequent agreement.

11

than one and one-half times such rates applicable to the same work when performed during nonovertime hours."  29 U.S.C. § 207(g) (emphasis added).

Defendants argue the City has satisfied the fourth element of Section 207(g)(2) because plaintiff was paid not less than one and one-half times the bona fide rate applicable to at-home canine care, which they assert was $8 per <u>hour</u> as stated in the MOU.  According to defendants, because plaintiff claims he spent thirty minutes per day providing at-home canine care on an overtime basis (<u>i.e.</u>, 3.5 hours per week), he was entitled to at most $42 per week (1.5 x $8 = $12, and 3.5 hours x $12 = $42).  However, because plaintiff was in fact paid $8 per <u>day</u>, or $56 per week, $14 more than the amount due, defendants contend plaintiff was paid not less than one and one-half times the bona fide rate, and thus that the fourth element of Section 207(g)(2) is satisfied.

The Court disagrees.

Section 207(g)(2) explicitly requires an employee's overtime compensation be "computed at rates not less than one and one-half times" the bona fide rate applicable to the type of overtime work.  Here, the undisputed facts demonstrate the City had no method of calculating plaintiff's at-home canine care compensation.  Indeed, the official YPD documents dictating such compensation are inconsistent as to whether plaintiff was to be paid $8 per hour or $8 per day, and none of them provides a basis for such calculation.  For example, the 1992 MOU states members assigned to the K-9 unit shall be paid $8 per hour for at-home canine care.  (Doc. # 40-7).  However, a YPD memorandum dated April 16, 2009, entitled "K-9 Entitlements," states "K-9 handlers also receive $8.00 per day for off-duty activities related to the maintenance and training of the dog."  (Doc. #40-9).  Similarly, the City's payroll records demonstrate plaintiff was paid $8 per day for at-home canine care.  (Doc. #40-12).  The payroll

records do not indicate the amount of time such compensation was intended to cover.  Further,

Chief Christopher Sapienza, head of YPD fiscal services, confirmed the City had no method of

computing the correct rate of pay.  Specifically, he testified:

> Q: You had mentioned earlier . . .  that you weren't sure of the break down when you testified to be one hour of overtime compensation and $8.00 an hour of compensation for K-9 care; is that correct?
>
> A: Yes
>
> Q: Who would have that information?
>
> A: I don't know if anybody knows.  Again, I know what the K-9 officers make in compensation and I don't know what the specific break down is.  I know they get paid a great deal of money for what they do.
>
> Q: Who might know what that break down is?
>
> A: No one. It's been vague from the beginning, being that they have a vast area of responsibility.

(Doc. #40-11 at ECF 39).  Thus, because there is nothing in the record from which the Court

can infer that the City computed plaintiff's compensation for at-home canine care at a rate of

one and one-half times the bona fide rate agreed upon in the MOU, defendants have failed to

meet their burden of demonstrating they are entitled to the Section 207(g)(2) exception to the

usual overtime rules.

Accordingly, defendants' motion for summary judgment dismissing plaintiff's FLSA

overtime claim due to the existence of an agreement or understanding that established a

different rate of compensation for certain kinds of work pursuant to Section 207(g)(2) must be

denied.

      2.    Section 207(k) Partial Exemption

Defendants argue that if the Court concludes the Section 207(g)(2) exception does not

apply, the Court should find defendants are, as a matter of law, entitled to the partial overtime

exemption applicable to law enforcement agencies pursuant to Section 207(k).  The Court agrees.

The Court finds defendants are entitled to calculate the overtime owed plaintiff according to Section 207(k) because record evidence demonstrates that (i) during the Relevant Time Period, all officers, except those assigned a "stead tour" Work Chart, were assigned to a Work Chart that operated on a twenty-five (25) day rotating schedule" (Doc. #40-14 ¶ 6); (ii) plaintiff was assigned to a rotating work chart, and (iii) plaintiff worked twenty-five-day work periods.  (Id. ¶13).

Plaintiff does not dispute he worked pursuant to a twenty-five-day work period.  Rather, he argues defendants are not entitled to the Section 207(k) partial exemption because the City paid plaintiff substantial overtime during the Relevant Time Period and did not formally adopt a Section 207(k) work period or pay plaintiff according to its provisions.  Plaintiff is wrong.

Although the Second Circuit has not yet considered whether an employer must affirmatively adopt the Section 207(k) exemption for it to apply, Foley v. City of Buffalo, 2011 WL 3176455, at *4 (W.D.N.Y. July 27, 2011), several other circuits have held that the Section 207(k) exemption applies if an employee participates in an exemption-qualifying work period. See, e.g., Singer v. City of Waco, 324 F.3d 813, 814 (5th Cir. 2003) (public employer could establish a Section 207(k) work period by following one).   Moreover, the court in Feaser v. City of New York considered and rejected the same argument upon which plaintiff relies. Specifically, the court concluded "the defendants may calculate the overtime owed plaintiffs according to § 207(k) even though the defendants neither adopted a § 207(k) work period for these employees nor paid them according to its provisions."  1995 WL 350848, at *3.  "To rule otherwise would create a 'penalty' without support in the legislative history or language of the

statute." Id. at *6.  The same reasoning applies here.  The mere fact that plaintiff, during the Relevant Time Period, was paid pursuant to a compensation structure that provided him more overtime than Section 207(k) requires bears no weight on whether the Section 207(k) exemption can be retroactively applied here.

Nor is the Court persuaded by plaintiff's argument that "this is a question of fact that goes to the amount of money Plaintiff is entitled to recover here, and it has no relevance to Defendants' liability to plaintiff."  (Doc. #50 at ECF 13).  To the contrary, Section 207(k) explicitly states "[n]o public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in . . . law enforcement activities . . . if" the employee works an established work period of between seven and twenty-eight days. Therefore, a determination on whether defendants are entitled to rely on the Section 207(k) exception is particularly appropriate.

Moreover, it is proper for courts to consider at the summary judgment stage whether a defendant employer is entitled to calculate the overtime owed to an employee according to Section 207(k).  See Feaser v. City of New York, 1995 WL 350848, at *6; Edwards v. City of New York, 2011 WL 3837130, at *10.

Accordingly, defendants' motion for summary judgment on the Section 207(k) issue is granted.

And because the Court finds defendants are entitled to claim a Section 207(k) partial exemption, it follows that (i) defendants cannot be liable for any overtime violations under Section 207(a), see 29 U.S.C. 207(k) (stating "[n]o public agency shall be deemed to have violated subsection (a)" if it falls within the 207(k) partial exemption), and (ii) the FLSA only

required defendants to pay plaintiff overtime compensation for hours worked in excess of 153 in a twenty-five-day cycle.  29 C.F.R. § 553.230(c).

III.     Offset of Overtime Owed Pursuant to Credit Provision in Section 207(h)

         In addition, defendants argue that any overtime compensation owed under Section 207(k)'s exemption should be reduced by the credit provision provided in Section 207(h).

         The Court agrees.

         "Pursuant to the FLSA, an employer may credit some payments it has already made to employees against the overtime it owes them."  Conzo v. City of New York, 667 F. Supp. 2d 279, 289 (S.D.N.Y. 2009).  There are three categories of payments that may be credited against overtime compensation mandated by the FLSA:  (i) compensation at a premium rate for hours in excess of an employee's regular hours; (ii) compensation at a premium rate of one and one-half times the regular rate for non-overtime work on weekends and holidays; and (iii) compensation at a premium rate of one and one-half times the regular rate pursuant to a collective bargaining agreement.  20 U.S.C. § 207(h)(2) (stating extra compensation paid pursuant to classifications in Section 207(e)(5)–(7) shall be creditable towards overtime compensation).

         The Court is persuaded that defendants are entitled to a credit for contractually based overtime wages it paid plaintiff and may offset such credit against any overtime compensation due under the FLSA.  Under the CBA, defendants were contractually obligated to pay plaintiff overtime for all hours in excess of 128 hours per pay period.  (Doc. #40-6 at ECF 72).  For pay periods when plaintiff worked more than 128 hours, he received a premium pay rate of one and one-half times his normal rate.  However, under the FLSA, plaintiff was not entitled to overtime compensation until his hours exceeded 153 hours during the relevant pay periods.  29 C.F.R. §

553.230(c).  The City may offset the payments it made to plaintiff at an overtime rate when it was not required to do so under the FLSA.  See Conzo v. City of New York, 667 F. Supp. 2d at *290–91.

Moreover, plaintiff does not address, let alone oppose, defendants' assertion that any overtime calculated under Section 207(k)'s exemption should be reduced by the credit provision provided in Section 207(h).

Accordingly, defendants' motion for summary judgment as to the offset pursuant to Section 207(h) is granted.

In sum, because the Court has concluded defendants are entitled to calculate plaintiff's overtime pursuant to Section 207(k)'s exemption; any potential overtime owed may be reduced by the credit provision provided in Section 207(h); and plaintiff fails to demonstrate he would be entitled to damages in the event the Court were to find Sections 207(k) and (h) are applicable, it follows that plaintiff's motion for summary judgment as to defendants' liability must be denied.

IV.    <u>Liquidated Damages, Willfulness, and Attorney's Fees</u>

Both parties move for summary judgment on the issues of liquidated damages, willfulness, and attorney's fees on plaintiff's overtime claim.

The Court finds that a determination on liquidated damages, willfulness, and attorney's fees is premature.

As to liquidated damages, an employer who violates the overtime wage provisions under the FLSA is liable for "the payment of wages lost and an additional equal amount as liquidated damages," 29 U.S.C. § 216(b), unless it shows that it acted in "good faith and that [it] had

17

reasonable grounds for believing that [the] act or omission was not a violation" of the FLSA. 29 U.S.C. § 260.

Regarding willfulness, "[t]he FLSA provides a two-year statute of limitations on actions to enforce its provisions, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." Parada v. Banco Indus. de Venez., C.A., 753 F.3d 62, 70 (2d Cir. 2014) (citing 29 U.S.C. § 255(a)).  A violation is "willful" under Section 255(a) if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  Id. at 71.

Finally, "the FLSA directs courts to award prevailing plaintiffs reasonable attorney's fees and costs."  Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008) (citing 29 U.S.C. § 216(b) (providing that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action")).

The "question[s] of liquidated damages[, willfulness, and attorney's fees] presupposes a stipulated or adjudicated violation of the act."  Lemieux v. City of Holyoke, 740 F. Supp. 2d at 258.  Here, the Court's determination that defendants are entitled to calculate plaintiff's overtime pursuant to Section 207(k)'s exemption and that any unpaid overtime may be reduced by the credit provision provided in Section 207(h), casts doubt on whether liability will ultimately be found.  Moreover, the parties have pointed to no record evidence demonstrating the amount of overtime pay plaintiff is owed when Section 207(k) and 207(h) are applied. Thus, "[i]nsofar as the issue of [d]efendants' violation of the FLSA has yet to be determined, a determination of [d]efendants' good faith for purposes of deciding liquidated damages as to [plaintiff's] overtime claims is premature."  Lemieux v. City of Holyoke, 740 F. Supp. 2d at 258

(denying motion for summary judgment on issue of liquidated damages because the application of the Section 207(k) exemption likely precluded defendant's FLSA overtime liability).  The same applies to the issues of willfulness and attorney's fees.  See Viera v. City of New York, 512 F. Supp. 3d 461, 470 (S.D.N.Y. 2021) ("[B]ecause Plaintiffs' motion for summary judgment is denied as to their FLSA claims, it is premature for the Court to address Plaintiffs' liquidated damages claims or the issue of willfulness."); Hengjin Sun v. China 1221, Inc., 2016 WL 1587242, at *7 (S.D.N.Y. Apr. 19, 2016) (finding "that briefing on the issue of attorneys' fees and costs would be premature until damages [were] awarded").

Accordingly, both parties' motions for summary judgment on the issues of liquidated damages, willfulness, and attorney's fees must be denied.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART.

Plaintiff's cross-motion for partial summary judgment is DENIED.

Specifically, the parties' motions are adjudicated as follows:

1.     Plaintiff's motion with regard to defendant's liability is DENIED.

2.     Defendants' motion with regard to Section 207(g)(2)'s exception is DENIED.

3.     Defendants' motion with regard to Section 207(k)'s partial exemption is GRANTED.

4.     Defendants' motion with regard to the credit provision provided in Section 207(h) is GRANTED.

5.     Both parties' motions with regard to the issues of liquidated damages, willfulness, and attorney's fees are DENIED as premature.

Furthermore, all claims against the City of Yonkers Police Department are dismissed.

The Clerk is directed to terminate the City of Yonkers Police Department as a defendant in this action.

The next case management conference in this matter is scheduled for <u>October 18, 2021, at 2:30 p.m.,</u> to be held in Courtroom 620 at the White Plains courthouse, at which time the parties shall be prepared to discuss, among other things, their proposed next steps, what efforts they have made or will make to settle this case, and what the Court can do to assist them in that regard.

The Clerk is instructed to terminate the motions.  (Docs. ##39, 49).

Dated:  September 27, 2021
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge